UNITED STATES of America, Plaintiff—Appellee,

v.

Joaquin ORTIZ–BRAVO, Defendant— Appellant.

No. 05–50080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided Feb. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alessandra P. Serano, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Frederick M. Carroll, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

## MEMORANDUM *

Admission of the certificate of nonexistence of record (CNR) did not violate ap-pellant's Confrontation Clause rights because a CNR is not testimonial evidence. *See United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005) (per curiam).

█ Appellant was coherent enough to inform Agent Garcia that he had crossed into the United States, and to point to where he had entered. Appellant was not found at the border, and did not introduce any evidence that his entry was involuntary. Thus, he was not entitled to an instruction on the voluntariness element of his crime. *See United States v. Rivera–Sillas,* 417 F.3d 1014, 1021 (9th Cir.2005).

The district court did not err in increasing appellant's sentence based on his prior conviction and deportation. Unless the Supreme Court overrules *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), it, and our precedents following it, remain binding. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005). Nothing in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), or *Dretke v. Haley,* 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), allows us to depart from circuit precedent.

█ Appellant objected to calculation of his criminal history points at sentencing, but he did not make clear the basis for his objection. He did not mention the Sixth Amendment, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or claim that the Sentencing Guidelines weren't mandatory. We conclude that he did not fairly raise a Sixth Amendment objection, and that his objection to nonconstitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was waived.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We therefore order "a limited remand to the district court ... for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**